IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **GURLAL SINGH SINGH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1161-J** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Gurlal Singh Singh, a citizen of India proceeding with counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[1] (Doc. 1).[2] United States District Judge Bernard M. Jones, II, referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4). In accordance with the expedited briefing schedule, (Doc. 8), Respondents timely filed a Response.[3] (Doc. 10). Petitioner timely filed a Reply. (Doc. 11). As fully set forth below, the undersigned recommends that the Petition be **DENIED.**

---

[1] Petitioner is housed at Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 2).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

[3] The Response was not filed on behalf of Respondent Fred Figueroa because he is not a federal official. The undersigned finds no separate response is necessary.

## I. Factual Background

Petitioner is a citizen of India who entered the United States without inspection on or about October 10, 2023. (Doc. 1, at Ex. 1, at 2). On October 13, 2023, ICE instituted removal proceedings against him through issuance of a Notice to Appear ("NTA"), alleging he was an alien present in the United States who had not been admitted or paroled. (*Id.*) Plaintiff alleges he was then released on his own recognizance. (Doc. 1, at 3). Petitioner asserts he filed a Form I-589, Application for Asylum and for Withholding of Removal, on September 25, 2025. (*Id.* at 7). On or about January 23, 2026,[4] Petitioner contends he was arrested and detained by ICE "without a judicial warrant" and "for no apparent lawful reason." (*Id.* at 7).

Petitioner filed a habeas action on January 26, 2026. *Singh Singh v. De Anda-Ybarra*, Case No. CIV-26-128-J, ECF No. 1 (W.D. Okla. Jan. 26, 2026). On April 7, 2026, the Court determined that 8 U.S.C. § 1226(a) governed Petitioner's detention and ordered the respondents to provide Petitioner with an individualized bond hearing within five business days or otherwise release him. *Id.* 2026 WL 937558, at *2 (W.D. Okla. Apr. 7, 2026). A bond hearing was held on April 13, 2026, and an immigration judge determined Petitioner's ongoing detention is justified. (Doc. 10, at Ex. 1, at 3-6). Petitioner filed this action on May 20, 2026. (Doc. 1)

An immigration judge ordered Petitioner's removal on June 10, 2026. EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last

[4] Elsewhere in the Petition, he alleges he was detained on January 28, 2026. (Doc. 1, at 2, 7). That date, however, is after he filed his first habeas petition.

accessed Aug. 31, 2026). Petitioner filed an appeal on July 30, 2026, which remains pending. *Id.* Thus, his removal order is not administratively final. 8 U.S.C. § 1101(a)(47)(B) (removal orders become administratively final upon the earlier of "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

## II. Petitioner's Claims and Respondents' Responses

### A. The Petition

Petitioner's first claim is that his detention violates the Due Process Clause of the Fifth Amendment. (Doc. 1, at 11, 16-18). The claim, which he contends is based on his arbitrary detention, is based on an allegation that "Respondents' purported basis for detaining Petitioner [is] under 8 U.S.C. [§] 1225(b)(2)." (*Id.* at 17). So, he states that "the placement of Petitioner in detention pending the resolution of ongoing immigration proceedings violates" his constitutional right to due process. (*Id.* at 18).

Petitioner's second claim is a violation of the Administrative Procedure Act ("APA"), in which he alleges violations of 8 U.S.C. § 1226(b) and 8 C.F.R. § 1236.1(c)(9). (*Id.* at 18-19). He asserts that "Respondents' detention of Petitioner pursuant to 8 U.S.C. § 1225(b) is arbitrary, capricious, and not in accordance with law." (*Id.* at 19). He also contends that "Respondents have failed to articulate a reasoned explanation for Petitioner's continued detention, failed to consider obvious, less-restrictive alternatives to detention, and failed to conduct an [sic] pre-detention individualized assessment or provide Petitioner with an opportunity to contest his detention." (*Id.*)

Outside of these claims, Petitioner contends that 8 U.S.C. § 1226(a) "require[s] that a judicial warrant was issued before his detention" and no such warrant was issued. (*Id.* at 15). Further, he contends that the "immigration judge failed to meaningfully consider the evidence presented and relied on factors that lack probative value as to flight risk" at the bond hearing held after relief was granted in his first habeas action. (*Id.* at 2). He also argues he is entitled to a bond hearing where the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and a danger to the community. (*Id.* at 15).

As relief Petitioner requests immediate release from custody. (*Id.* at 19). Petitioner additionally asks that Respondents return Petitioner's seized property. (*Id.* at 20). Further, Petitioner requests that the Court prohibit his transfer during the pendency of this action.[5]

[5] The decision regarding where to detain non-citizens awaiting removal proceedings is a discretionary power of the Secretary of DHS, 8 U.S.C. § 1231(g)(1), which this Court lacks jurisdiction to review. 8 U.S.C. § 1252(a)(2)(B)(ii). *See Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) (observing that "the Attorney General is mandated to arrange for appropriate places of detention for [persons] detained pending removal" and holding in a civil rights lawsuit "a district court has no jurisdiction to restrain the Attorney General's power to transfer [ICE detainees] to appropriate facilities by granting injunctive relief"); *see also Lway Mu v. Whitaker*, 18-cv-06924, 2019 WL 2373883, at *5 (W.D.N.Y. June 4, 2019) (citing § 1231(g)(1) and concluding "it does not have the authority to dictate to DHS where Petitioner should be housed"); *Olola v. U.S. Att'y Gen.*, No. 18-CV-00058, 2018 WL 11446892, at *4 (D. Colo. Feb. 22, 2018) (finding that under § 1252(a)(2)(B)(ii) and § 1231(g) "decisions to transfer an alien from one location to another are within the discretion of the Attorney General and therefore may not be reviewed or enjoined by the federal district courts"). Therefore, the undersigned concludes the Court does not have jurisdiction to prohibit Petitioner's transfer to another ICE facility.

(*Id.*) Petitioner also requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[6] (*Id.*)

**B. The Response**

In response, Respondents assert that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). (Doc. 10, at 1, 3-4). They note that Petitioner has already received a bond hearing and contend that the immigration judge "provide[d] a detailed summary of the evidence and the basis for the decision." (*Id.* at 2). Further, they note that Petitioner appealed the bond-hearing decision. (*Id.*) They contend that Petitioner's allegations regarding the immigration judge's consideration of bond are "vague and generalized." (*Id.*) So, they assert Plaintiff's due process and APA claims should be denied. (*Id.* at 4-8).

**C. Petitioner's Reply Includes New Arguments.**

The basis of Petitioner's claims changed significantly on reply. He "clarifies that she [sic] is not relitigating the same claim raised in her [sic] prior habeas petition." (Doc. 11, at 1). And now asserts he "does not challenge" his classification as under 8 U.S.C. § 1225. (*Id.*) Instead, he now challenges "Respondents' actions in re-detaining her [sic] and continuing her [sic] detention without compliance with the procedural safeguards required under § 1226 and the Constitution." (*Id.*)

---

[6] If the Court does not adopt this Report and Recommendation and to the extent Petitioner would then be entitled to fees under the EAJA as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B); *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) (interpreting "EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention"). Accordingly, the Court need not address this request at this juncture.

While Petitioner asserted in the Petition that he was arrested without a judicial warrant, (Doc. 1, at 15), he now contends that his due process rights were violated because they arrested him without a proper *administrative* warrant. (Doc. 11, at 3). He argues that an officer must either issue an administrative warrant or have probable cause to make a warrantless arrest. (*Id.* at 4); *see also* (*id.* at 6-7) (citing 8 U.S.C. § 1357(a)(2) for the proposition that Petitioner must be likely to escape before a warrant could be obtained in order to effectuate a warrantless arrest). He asserts his detention without evidence of a lawful arrest or finding of probable cause violates his right to substantive due process. (*Id.* at 7-8).

Additionally, Petitioner contends that Respondents' practice of making warrantless arrests without probable cause of removability "stands in violation of the Fourth Amendment and the INA's warrantless arrest statute, 8 U.S.C. § 1357." (*Id.* at 5); *see also* (*id.* at 8-10). He contends that "nothing on the record explains why, as of January 28, 2026, immigration officials had probable cause to believe that Petitioner was removable from the United States." (*Id.*) And he also argues that "officers failed to conduct an individualized assessment of flight risk before detaining Petitioner in immigration custody, in violation of law." (*Id.*)

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v.*

*Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. The Court Should Not Consider Arguments First Raised in Reply.

Plaintiff's reply brief either makes allegations regarding entirely new claims – such as a claim that Respondents violated his Fourth Amendment rights – or addresses claims raised in the Petition in a new light – such as alleging his detention violates due process because the government did not issue an administrative warrant for his arrest. Indeed, the reply brief is based on an entirely new theory of his detention. Rather than arguing that he is detained under 8 U.S.C. § 1225(b), as he does in the Petition, he now admits that his prior habeas action – where he was represented by the same counsel – forecloses such an argument.

"[I]t is well established that issues raised for the first time in a reply are deemed waived." *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026) (citing *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009) ("[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief."); *Mikado v. Allbaugh*, No. CIV-15-1389-D, 2016 WL 3579228, at *2 (W.D. Okla. June 28, 2016)). Additionally, the undersigned finds Respondents could not have challenged Petitioner's belated argument in their Response. For example, they had no reason to know that the existence of an administrative warrant was at issue when they submitted their response to the Petition. So, they had no reason to include any proof of an administrative warrant in their filing or attempt to argue it is not necessary.

For the reasons stated above, the undersigned does not addres Petitioner's new arguments and recommends they be deemed waived.[7]

**B. Petitioner's Claims Dependent on His Being Detained Under 8 U.S.C. § 1225(b)(2) Should Be Denied.**

Petitioner claims he is being detained under 8 U.S.C. § 1225(b)(2) in violation of the Due Process Clause of the Fifth Amendment, (Doc. 1, at 17) and the APA, (*id.* at 18-19). This Court previously determined 8 U.S.C. § 1226(a) governs his detention. *Singh Singh*, 2026 WL 937558, at *2. Petitioner concedes in reply that his detention is governed by § 1226(a) and, despite pages of argument to the contrary in the Petition, "does not challenge [his] classification." (Doc. 11, at 1). Because the issue has already been judicially determined and Petitioner concedes it is not an issue, any claim related to his classification under § 1225 should be denied.

**C. A Judicial Warrant is Not a Prerequisite to Detention under 8 U.S.C. § 1226(a).**

Petitioner also asserts that 8 U.S.C. § 1226(a) "require[s] that a judicial warrant was issued before his detention" and no such warrant was issued. (Doc. 1, at 15). This is

[7] In Count Two of the Petition, where Petitioner challenges the statutory and regulatory basis of his detention, Petitioner makes a reference to a failure "to conduct an [sic] pre-detention individualized assessment or provide Petitioner with an opportunity to contest his detention." (Doc. 1, at 19). The undersigned finds this fleeting reference is not an adequate presentation of a claim. Further, the undersigned would recommend its denial because neither statute nor regulation confers a right to a pre-deprivation hearing. Section 1226(b) authorizes DHS to revoke a release "at any time," and the process the framework supplies follows arrest: an initial custody determination by an ICE officer, followed by a bond hearing before an immigration judge upon request. 8 U.S.C. § 1226(a)-(b); 8 C.F.R. § 236.1(c)(8), (d)(1). Nothing in the statute or regulations contemplates a hearing *before* re-arrest. And Petitioner did not make this argument in conjunction with a due process claim.

incorrect. 8 U.S.C. § 1226(a) provides: "On a warrant issued by *the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (Emphasis added); *see also Vila Diaz v. Baltazar*, No. 26-CV-00517-NYW, 2026 WL 1649019, at *3 (D. Colo. June 8, 2026) ("Although the statute requires an administrative warrant, it does not expressly require a criminal arrest or a judicial warrant.") (internal citation omitted). Thus, Petitioner's claim regarding the lack of a judicial warrant should be denied.

**D. Petitioner's Claims Regarding the Sufficiency of His Bond Hearing Should be Denied.**

Petitioner contends the "immigration judge failed to meaningfully consider the evidence presented and relied on factors that lack probative value as to flight risk" at the bond hearing held after relief was granted in his first habeas action. (Doc. 1, at 2). He also contends that "Respondents have failed to articulate a reasoned explanation for Petitioner's continued detention, failed to consider obvious, less-restrictive alternatives to detention, and failed to conduct an [sic] pre-detention individualized assessment or provide Petitioner with an opportunity to contest his detention." (*Id.* at 19). Additionally, Petitioner argues he is entitled to a bond hearing where the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and a danger to the community. (*Id.* at 15 n.1). The undersigned finds these arguments have no merit.

**1. Statutory and Regulatory Framework**

As addressed above, Petitioner is detained under 8 U.S.C. § 1226(a). This provision grants the Attorney General discretion to continue detention, release the non-citizen on

bond, or release the non-citizen on conditional parole. *See* 8 U.S.C. § 1226(a)(1)-(2). The regulations implementing § 1226(a) establish a sequence of custody determinations. Following arrest on a warrant, 8 C.F.R. § 236.1(b)(1), an ICE officer makes the initial custody decision, and the non-citizen bears the burden of "demonstrat[ing] to the satisfaction of the officer that . . . release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." *Id.* § 236.1(c)(8). A non-citizen dissatisfied with that decision may "request amelioration of the conditions under which he or she may be released" from an immigration judge, who is authorized to "determine the amount of bond, if any, under which the [non-citizen] may be released." *Id.* § 236.1(d)(1).[8]

At that bond hearing, "under current BIA precedent, a noncitizen detained under section 1226(a) must demonstrate 'to the satisfaction of the Immigration Judge that he or she merits release on bond,' even though section 1226(a) does not explicitly contain such a requirement. To do so, the noncitizen must prove that he or she is neither a danger to the community nor a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 27 (1st Cir. 2021) (citation modified) (quoting *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006)). The bond proceeding is "separate and apart from, and shall form no part of," the removal proceeding, and the immigration judge's determination "may be based upon any information that is available to the Immigration Judge or that is presented to him or her by the alien or the

[8] *See also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

[Department].” 8 C.F.R. § 1003.19(d). The Immigration Judge’s decision may be appealed to the BIA, and the non-citizen may seek a further custody redetermination at any time his circumstances materially change. *Id.* §§ 236.1(d)(3), 1003.19(e).

DHS retains broad discretion to revoke a release. Section 1226(b) provides that DHS “at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant and detain the alien.”[9] Following re-arrest, the non-citizen may again seek a custody redetermination before an immigration judge under the procedures described above.

**2. The Immigration Judge’s Consideration of the Evidence Complied With Due Process.**

Petitioner makes a vague argument that the “immigration judge failed to meaningfully consider the evidence presented and relied on factors that lack probative value as to flight risk.” (Doc. 1, at 2). Petitioner then points the Court to the fact he has a valid work permit, a lack of criminal history, and has lived peaceably in the United States for seven years with strong ties to the community.[10] (*Id.* at 2-3). Petitioner fails to meaningfully tie his argument to the immigration judge’s determination. And at its core, Petitioner’s argument appears to challenge the weight the immigration judge afforded to

[9] *See also* 8 C.F.R. §§ 236.1(c)(9), 1236.1(c)(9) (“When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director [and certain other federal officials] in which event the alien may be taken into physical custody and detained. If detained, unless a breach has occurred, any outstanding bond shall be revoked and canceled.”).

[10] Petitioner’s assertion that he has resided in the United States for seven years is at odds with his allegation that he entered the United States in 2023. *Compare* (Doc. 1, at 2) *with* (*id.* at 1).

various factors when concluding that his release would pose a significant risk of flight. But the Court cannot reweigh the evidence as Petitioner appears to request.

Congress has insulated the bond determination from judicial review with 8 U.S.C. § 1226(e), which provides that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review," and that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." Thus, "a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond." *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026); *see also Perez v. Holt*, No. CIV-25-1151-SLP, 2026 WL 597126, at *6 (W.D. Okla. Mar. 3, 2026) ("Thus, the Court finds that the IJ relied on evidence in the record to make a discretionary decision to deny Petitioner bond; therefore, this Court lacks subject matter jurisdiction to review that decision.").

The statute leaves intact habeas jurisdiction over constitutional claims and questions of law relating to the bond hearing. *Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026). However, a petitioner may not recast a request to reweigh the evidence as a constitutional claim. *See Hernandez v. Holder*, 450 F. App'x 773, 775 (10th Cir. 2011) ("Discretionary agency decisions may not be recast as constitutional claims or questions of law simply to invoke [the Court's] jurisdiction."); *Salaria v. Grant*, No. CIV-26-141-D, ECF Doc. 15, at 4, (W.D. Okla. May 13, 2026) ("Although Petitioner couches his claim in constitutional terms, he is asking the Court to re-weigh the evidence presented at the bond hearing and second guess the immigration

judge's assessment."). So to the extent Petitioner contends the evidence supported release or that the immigration judge improperly weighed the evidence, § 1226(e) forecloses that review. *See Perez v. Grant*, No. CIV-26-596-SLP, 2026 WL 1182039, at *5 (W.D. Okla. Apr. 30, 2026) (finding habeas relief is appropriate only where the exercise of discretion "was so arbitrary that it would offend fundamental tenets of due process," and courts "cannot override an immigration judge's bond decision simply because they might have reached a different result") (quoting *Nucamendiz v. Hyde*, No. 25-CV-13851, 2026 WL 221449, at *2 (D. Mass. Jan. 28, 2026)); *Adejola v. Barr*, 439 F. Supp. 3d 120, 130 (W.D.N.Y. 2020) (finding that arguments that the immigration judge assessed the evidence incorrectly or improperly weighed particular aspects of the record fall beyond the court's jurisdiction).

Petitioner's claim also fails to the extent he takes issue with the immigration judge's decision under a due process theory. When "§ 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025). To be sure, "[d]ue process is not satisfied . . . by rubberstamp denials [of bond]." *Chi Thon Ngo v. I.N.S.*, 192 F.3d 390, 398 (3d Cir. 1999). But the record establishes that the bond hearing Petitioner received was not a rubber stamp. The immigration judge issued a written decision explaining why he found bond was not warranted. (Doc. 10, at Ex. 1, at 3-6). First, and acknowledging Petitioner's lack of criminal history, he found Petitioner was not a danger to the community. (*Id.* at 4). The immigration judge considered evidence presented by Petitioner – including his proof of employment, proof of payment of taxes,

his residence with his lawful-permanent-resident brother, and that his brother asserted he would ensure Petitioner would attend future hearings. (*Id.* at 4-5). The immigration judge also considered evidence less favorable to Petitioner's contention that he was not a flight risk. (*Id.*) Petitioner may disagree with the immigration judge's decision and his consideration of the evidence, but it was not an unconstitutional, rubber-stamped decision.

Additionally, Petitioner argues he is entitled to a bond hearing where the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and a danger to the community. (Doc. 1, at 15). At the bond hearing he received, the burden was on Petitioner to prove he was not a danger to people or property and that he was likely to appear for future immigration proceedings. (Doc. 10, at Ex. 1, at 3-4). Judges of this Court have determined that due process does not require the burden to shift to the government at a bond hearing. *See e.g.*, *Adediran v. Figueroa*, No. CIV-26-801-J, Doc. 15, at 5 (W.D. Okla. July 24, 2026) ("Absent binding authority resolving this issue, and because Petitioner's request would substantially alter the existing framework, the Court declines to hold on this limited record that due process requires a different procedure."); *Pupo Socarras v. Figueroa*, No. CIV-26-0571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026) ("[T]he Fifth Amendment Due Process clause is not offended by leaving the burden of proof on the non-citizen in a § 1226(a) bond hearing."); *Toro v. Mullin*, CIV-26-315-JD, Doc. 19, at 18 (W.D. Okla. May 12, 2026) ("Balancing all three factors, the Court agrees with the Fourth and Ninth Circuits in concluding that, at least on the facts of this case, § 1226(a)'s existing bond procedures supply adequate process.").

Acknowledging these decisions,[11] the undersigned recommends denying Petitioner's due process claim to the extent he asserts that the burden of proof was improperly on him at the bond hearing.

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition (Doc. 1) be **DENIED**. **The Court advises the parties of their right to object to this Report and Recommendation by September 14, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The Court advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

[11] The undersigned has routinely recommended, on due process grounds, ordering a bond hearing that requires the government to prove dangerousness or risk of flight by clear and convincing evidence when a bond hearing was improperly withheld. *See, e.g.*, *Velazquez v. Johnson*, No. CIV-26-1111-J, Doc. 11, at 6-19 (W.D. Okla. July 2, 2026). In the absence of authority from the Supreme Court or the Tenth Circuit, the undersigned continues to find the First and Second Circuit's rulings on the issue persuasive, while acknowledging the well-reasoned approach of members of this Court. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 39-40 (1st Cir. 2021) (holding that at a § 1226(a) bond hearing, due process requires the government to bear the burden of proving the alien's dangerousness by clear and convincing evidence or flight risk by a preponderance of the evidence); *Velasco Lopez v. Decker*, 978 F.3d 842, 855-57 (2d Cir. 2020) (holding that when an alien is subject to prolonged incarceration under § 1226(a), the appropriate remedy is a bond hearing at which the government bears the burden of proving dangerousness or flight risk by clear and convincing evidence).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 31st day of August, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE