**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GURLAL SINGH SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1161-J |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner, a noncitizen from India, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Pet.) [Doc. No. 1]. The matter was referred to United States Magistrate Judge Amanda Maxfield pursuant to 28 U.S.C. § 636(b)(1)(B), (C). On review, Judge Maxfield entered a Report and Recommendation (Rep. & Rec.) [Doc. No. 12] recommending the Court deny the Petition. Petitioner filed an objection (Obj.) [Doc. No. 13], triggering de novo review as to the portions of the Rep. & Rec. to which a specific objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023). Respondents did not object. For the reasons discussed below, the Court ADOPTS the thorough and well-reasoned Report and Recommendation and DENIES the Petition.

## I. Background

Petitioner is a citizen of India who entered the United States in October 2023 without admission or inspection. Pet. ¶¶ 1, 27. Petitioner was then examined by immigration officers, placed in removal proceedings, and released on his own recognizance. *Id.* ¶¶ 1, 10, 12. In January 2026, Petitioner was re-detained by ICE, prompting him to file his first Petition for Writ of Habeas Corpus. *See* [Doc. No. 1], *Singh Singh v. De Anda-Ybarra*, No. CIV-26-128-J (W.D. Okla. filed Jan. 26, 2026). On review, this Court determined that 8 U.S.C. § 1226(a) governs Petitioner's

detention and ordered Respondents to provide him with a bond hearing. There is no dispute that a timely bond hearing was held in April 2026, at which an Immigration Judge determined that Petitioner's continued detention was justified. Pet. ¶ 4; [Doc. No. 10-1]. The Immigration Judge further prepared a detailed, three-page Memorandum of Bond Decision and Order, concluding that there was no "evidence in the record to indicate that [Petitioner] is a danger to the community[,]" but that he nevertheless presented "an unacceptable flight risk" for a variety of reasons. [Doc. No. 10-1 at 3–6].

In addition to appealing the Immigration Judge's determination to the Board of Immigration Appeals, *see* [Doc. Nos. 10 at 2 & 10-2], Petitioner filed his second Petition for Writ of Habeas Corpus in this Court on May 20, 2026. Petitioner brings two discrete claims. In Count I, he alleges his detention violates the Due Process Clause of the Fifth Amendment. In Count II, he alleges a violation of the Administrative Procedure Act (APA) with subheadings alleging a violation of 8 U.S.C. § 1226(b) and 8 C.F.R. § 1236.1(c)(9). On review, Judge Maxfield discerned two additional issues "[o]utside of these claims" that warrant attention. Rep. & Rec. at 4. First, Petitioner alleges he was detained without a "judicial warrant." Pet. ¶¶ 2, 28, 53. Second, Petitioner vaguely asserts the "immigration judge failed to meaningfully consider the evidence presented" at his bond hearing and that he is entitled to a bond hearing at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and a danger to the community. *Id.* ¶¶ 4, 51 & n.1.

In June 2026, during the pendency of this action, an Immigration Judge ordered Petitioner removed. Petitioner appealed the removal order on July 30, 2026, and because that appeal remains pending, the removal order is not yet administratively final. *See* 8 U.S.C. § 1101(a)(47)(B); *see*

*also* https://acis.eoir.justice.gov/en/caseInformation (last accessed September 23, 2026) ("A case appeal was received on July 30, 2026. It is currently pending.").

## II. <u>Discussion</u>

In relevant part, Judge Maxfield concluded: (1) Petitioner's due process and APA claims should be denied; (2) Petitioner's allegations within Count II concerning a "pre-detention individualized assessment" are inadequate to present a claim and unsupported by 8 U.S.C. § 1226(a)–(b) and 8 C.F.R. § 236.1; (3) a judicial warrant is not required for detention under § 1226; (4) Petitioner's challenge to the sufficiency of his bond hearing lacks merit; and (5) any arguments raised for the first time in Petitioner's reply in an attempt to cure these deficiencies are waived. *See* Rep. & Rec. at 7–14 & n.7. On de novo review, the Court ADOPTS the Report and Recommendation in its entirety.

Turning first to Petitioner's due process and APA claims, the Court ADOPTS Judge Maxfield's conclusion that both claims fail because they are premised on allegations that Petitioner's detention is governed by § 1225(b). Pet. ¶¶ 60 & 67.[1] As noted, this Court has already determined that Petitioner's detention is governed by § 1226(a). *Singh Singh v. De Anda-Ybarra*, No. CIV-26-128-J, 2026 WL 937558, at *1–2 (W.D. Okla. Apr. 7, 2026). Thus, Respondents are correct that "there is simply no factual or legal basis for Petitioner's claims that he is detained pursuant to § 1225." [Doc. No. 10 at 3–4]. While Petitioner attempts to recast these claims in his reply, the Court also agrees with Judge Maxfield that those efforts are unavailing as it is well established that issues raised for the first time in a reply are deemed waived. *M.D. Mark, Inc. v.*

[1] The allegations in ¶¶ 60 and 67 most clearly expose the defect in Petitioner's pleading, but they are not outliers. Indeed, the Petition repeatedly alleges facts and advances arguments that place the statutory basis for Petitioner's detention at issue. *E.g.,* Pet. ¶¶ 12, 33–50; *see also* Rep. & Rec. at 8 (noting the Petition contains "pages of argument" concerning whether § 1225 applies).

*Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009) ("[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief."); *see Mikado v. Allbaugh*, No. CIV-15-1389-D, 2016 WL 3579228, at *2 (W.D. Okla. June 28, 2016).

Second, Petitioner argues Judge Maxfield failed to adequately address whether Respondents lawfully revoked his prior release under 8 U.S.C. § 1226(b) and 8 C.F.R. § 1236.1(c)(9). Obj. at 3–5. But Judge Maxfield addressed these allegations, noting that "DHS retains broad discretion to revoke release" under § 1226(b) and concluding that Petitioner's "fleeting reference is not an adequate presentation of a claim." Rep. & Rec. at 8 n.7, 11. On de novo review, the Court agrees and this conclusion is ADOPTED.[2]

Third, the Court ADOPTS Judge Maxfield's conclusion that ICE is not required to obtain a judicial warrant as Petitioner did not specifically object to this conclusion. *See* § 1226(a); *Vila Diaz v. Baltazar*, No. 26-CV-00517-NYW, 2026 WL 1649019, at *3 (D. Colo. June 8, 2026). Indeed, Petitioner concedes that "§ 1226(a) does not require a judicial warrant." Obj. at 5. Petitioner asserts, however, in his reply and objection that he is challenging the absence of an *administrative* warrant, *see* [Doc. No. 11 at 3]; Obj. at 5–6, despite multiple allegations in the Petition challenging the absence of a *judicial* warrant. Pet. ¶¶ 2, 28, 53. As Judge Maxfield correctly concluded, that newly asserted argument is waived. Rep. & Rec. at 7–8.

Fourth, and finally, the Court ADOPTS Judge Maxfield's conclusion that Petitioner's challenge to the sufficiency of his bond hearing lacks merit. Petitioner asserts that the

---

[2] Respondents have not sought dismissal under the abuse of the writ doctrine and the Court declines to apply it *sua sponte*. *See, e.g., Daniels v. United States*, 254 F.3d 1180, 1190 (10th Cir. 2001); *Stanko v. Davis*, 617 F.3d 1262, 1271–72 (10th Cir. 2010) (finding harmless error where the district court raised abuse of the writ *sua sponte*). Nonetheless, the Court notes its application in similar circumstances. *Mannu v. Gantt*, No. CIV-26-2068-JD (W.D. Okla. Sept. 10, 2026) (dismissing successive habeas petition as an abuse of the writ where bond hearing occurred and claims were or could have been brought in the prior action).

"immigration judge failed to meaningfully consider the evidence presented and relied on factors that lack probative value as to flight risk." Pet. ¶ 4. Petitioner may disagree with the weight the Immigration Judge assigned to the evidence, but that is not a determination that this Court has jurisdiction to review. 8 U.S.C. § 1226(e); *see Salaria v. Grant*, No. CIV-26-141-D (W.D. Okla. May 13, 2026). Moreover, Petitioner has not adequately raised a constitutional claim that can overcome this jurisdictional bar. His assertion that there is "mounting evidence" that bond hearings generally have "preordained outcomes," Pet. ¶ 52, does not identify what occurred at his hearing or explain why the procedures employed were constitutionally deficient. This is particularly significant as Petitioner does not address the Immigration Judge's three-page written order, which identifies the evidence considered and provides a detailed explanation for the decision to deny bond. In sum, the Court declines, on these bare allegations, to infer a due process violation from generalized allegations untethered to the hearing Petitioner received.[3]

## III. <u>Conclusion</u>

For the reasons above, the Report and Recommendation [Doc. No. 12] is ADOPTED and Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DENIED.[4]

A separate judgment will enter.

---

[3] Notably, at least three Judges in this district have joined the 3rd, 4th, and 9th Circuits in holding that due process is not offended by leaving the burden of proof on the non-citizen in a § 1226(a) hearing. *Toro v. Mullin*, CIV-26-315-JD (W.D. Okla. May 12, 2026); *Singh v. Mullin*, No. CIV-26-712-HE (W.D. Okla. June 18, 2026); *Ochilov v. Grant*, No. CIV-26-526-R (W.D. Okla. Aug. 25, 2026) (Order denying Petitioner's Emergency Motion to Enforce Judgment).

[4] The Court does not issue a certificate of appealability as one "is not required in order to appeal a final order in a proceeding under 28 U.S.C. § 2241" for a federal inmate. *Cano v. Holt*, No. CIV-25-1228-JD, 2026 WL 736461, at *14 n.20 (W.D. Okla. Mar. 16, 2026) (declining to enter a certificate of appealability in a § 2241 immigration case).

IT IS SO ORDERED this 23rd day of September, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE